JOHN BUCKLEY, PROSECUTOR, v. THE TOWN OF GUTTENBERG ET AL., DEFENDANTS.

Submitted March 18, 1915—Decided August 3, 1915.

1. Where the board of councilmen of a town had the power either to amend or repeal an ordinance which establishes a police department in such town, it is immaterial which method is adopted.
2. It is not the method adopted by the board to rid the town of an extravagant police department that is important, but whether the board acted in good faith to accomplish their object.
3. To establish a charge of fraudulent conduct, or lack of good faith, against a legislative body in passing an ordinance, the proof of such fraudulent conduct must be clear and convincing.

On *certiorari*.

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *J. Emil Walscheid*.

For the defendants, *Warren Dixon*.

The opinion of the court was delivered by

KALISCH, J.  The writ in this case brings up for review an ordinance of the town of Guttenberg, repealing ordinances under which the day and night police force of that town was created and organized.

The prosecutor, who is a sergeant of police, is affected by

the repeal and therefore brings *certiorari* proceedings to test the validity of the repealing ordinance.

The prosecutor was appointed to the position of sergeant of police, by virtue of an ordinance adopted, December 1st, 1913, by the board of councilmen of the town of Guttenberg, under the power conferred by an act of the legislature in 1884 (*Pamph. L., p.* 326; *Comp. Stat., p.* 5415), the first section of which provides: "That the town council or other governing body of every incorporated town in this state shall have power to pass, alter, amend and repeal ordinances for the following purposes:

"XXVII. To establish, regulate and control a day and night police and to regulate and define the manner of their appointment and removal, their duties and compensation."

That this act applies to the town of Guttenberg, and that the ordinance adopted by the board of councilmen establishing a day and night police, under said act, under which the prosecutor was appointed sergeant of police, is valid, received the judicial confirmation of the Court of Errors and Appeals in *Hermann* v. *Guttenberg*, 86 *N. J. L.* 681.

The repealing ordinance is not attacked by the prosecutor for any lack of power in the board of councilmen of the town of Guttenberg to pass such an ordinance, for that the board has such power is conceded, but the attack is directed against the motive that inspired the board to pass it.

The claim made by the prosecutor is, that the adoption of the ordinance, by the board on January 4th, 1915, to repeal the ordinance and the amendment thereto adopted by the board of councilmen on the 1st and 15th of December, 1913, which established a day and night police, &c., for the town of Guttenberg, is an attempt fraudulently to evade the provisions of an act entitled, "An act respecting police departments of towns and regulating the tenure and terms of officers and men employed in said departments." *Pamph. L.* 1907, *p.* 50.

To sustain this contention, counsel for the prosecutor argues that police protection is essential in the town of Guttenberg. That it is not denied by the defendants that others

are to do the work heretofore done by the prosecutor and the other members of the day and night police force.

That since the time when the present board of councilmen assumed office which was in January, 1914, it refused to vote any salary to the members of the police force. Furthermore, it is insisted that the repeal ordinance is a ruse to get rid of the present police department for partisan purposes, &c.

This is stating the matter more broadly than the evidence in the case warrants.

To establish a charge of fraudulent conduct against a legislative body in passing an ordinance, the proof must be clear and convincing. No such proof exists in this case. In fact we are unable to find proof which affords any basis for such a charge.

We gather from the testimony submitted that prior to the adoption of the repealing ordinance the town of Guttenberg had under the ordinance of 1913 a police force consisting of a captain of police at a salary of $1,100 per annum, a sergeant of police, at a salary of $900, and five policemen, whose salary in the aggregate, amounted per annum, to $4,200, making the total expense of the police department for salaries alone, $6,200 per annum.

What the present board of councilmen intended to accomplish by the repeal of the ordinances of 1913, was to rid the town of Guttenberg of an extravagant expenditure for police service, which appears to have been an issue at the election on which several of the members of the board of councilmen were elected.

The avowed purpose of the board of councilmen is to reorganize the police department and put it on an economical basis, by abolishing the positions of captain and sergeant and reducing the force of five policemen to three at reduced salaries. This will accomplish a saving of about $5.000 per annum for the taxpayers.

It is suggested in the brief of counsel for the prosecutor, that if the board of councilmen were acting in good faith, the economy contemplated by it could have been accomplished

by amending the ordinances of 1913, and that there is nothing in the Tenure of Office act to prevent the board from making such amendment in accordance with its ideas of what constitutes a proper police force and of what constitutes remuneration for the services to be rendered.

But this suggestion addresses itself wholly to the method of legislative policy and proceeding.

We think it was a matter entirely discretionary with the board, the right to reorganize the police force in the interest of the public service being conceded, whether to do so by amendment of the ordinances or by repealing them.

For if in either case it should plainly appear that the amendment or repeal for partisan purposes, *e. g.,* to get rid of the present police officers for the purpose of replacing them by others of the same political faith as of the majority of the board of councilmen, or for some other motive akin to that and subversive of civil service, such legislation would be in contravention of the Tenure of Office act and hence nugatory.

It does not appear in the present case that it is not the intention of the board to reappoint three of the five police officers now belonging to the police department. Which three of the five are to be retained or any of them can only be determined by the future action of the board when it undertakes to organize a new police force.

That the board of councilmen, acting in good faith, possessed the power to abolish the present police department is too firmly established to permit any controversy. *Paddock* v. *Hudson Tax Board,* 82 *N. J. L.* 360; *Harker* v. *Bayonne,* 85 *Id.* 176; *Colgarry* v. *Water Commissioners of Newark,* 85 *Id.* 583.

The good faith of the board in this instance has been questioned. We are asked to infer that the board acted fraudulently because it had persistently refused, from the inception of its official existence in 1914, to vote any pay for the present police force. In this connection, we cannot overlook the fact, as appears from the evidence, that the ordinances of 1913, from their inception were looked upon

with disfavor by the taxpayers of the town of Guttenberg, in that it saddled upon them a burden of extravagance, and that it was this situation which resulted in bitter opposition to those officials who were responsible for that legislation, and in their overthrow at the election held in 1914, and, at the same time, brought into power the present board.

We think, therefore, that the incoming board was entitled to take the view that there was a public duty resting on it to relieve the taxpayers of Guttenberg from an unnecessary expenditure of their money.

Whether that purpose, as has been before intimated, could have been as effectually accomplished by amending the ordinances of 1913 as by repealing them, is of no material consequence. That was a matter which rested in the discretion of the legislative body.

It is, therefore, not the method adopted by the board of councilmen to rid the town of an extravagant police department that becomes at all important to be considered, but rather the good faith of the board.

We are unable to say from the evidence before us that the action of the board in adopting the ordinance repealing the ordinances of 1913 was not in good faith.

The proceedings will be affirmed, with costs.